UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 1 1999

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BORDER SHIPYARDS, INC., JORGE GONZALEZ, CARL "JOE" GAYMAN, RUBEN BARRERA AND BUSTER HARRIS, AND FOR WILLIAM E. KENNON § § § § § § VS. § § ST. PAUL MERCURY INSURANCE § COMPANY § | C.A. NO. B-99-019 |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THE COURT:

St. Paul Mercury Insurance Company, Defendant in the captioned suit, files this Notice of Removal of a suit brought by Border Shipyards, Inc., Jorge Gonzalez, Carl "Joe" Gayman, Ruben Barrera and Buster Harris, and for William E. Kennon (the "Plaintiffs"), from the 357th Judicial District Court of Cameron County, Texas, in Cause No. 99-01-00035-E, where the suit was originally instituted, to the United States District Court for the Southern District of Texas, Brownsville Division, pursuant to 28 U.S.C. § 1441 et. seq., and as grounds for removal would respectfully show the Court as follows:

1.  Defendant seeks removal of this action on the basis of diversity of citizenship, since all of the Plaintiffs in the suit are, upon information and belief, citizens of the state of Texas, and sole Defendant St. Paul Mercury Insurance Company is a citizen of the state of Minnesota. Accordingly, no Defendants in this matter are citizens of the state of Texas, and no Defendants need agree to this removal.

\WPDOCS\109\008\notice of removal

CAUSE NO. 99-01-00036-E

BORDER SHIPYARDS, INC., §
JORGE GONZÁLEZ, CARL "JOE" §
GAYMAN, RUBEN BARRERA AND §
BUSTER HARRIS, AND FOR WILLIAM §
E. KENNON §
§
VS. §
§
ST. PAUL MERCURY INSURANCE §
COMPANY §

IN THE DISTRICT COURT OF

CAMERON COUNTY, TEXAS

357th JUDICIAL DISTRICT



FILED 12:20 O'CLOCK P.M.
AURORA DE LA GARZA DIST. CLERK
JAN 06 1999
DISTRICT COURT OF CAMERON COUNTY, TEXAS
R. Cornejo
DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BORDER SHIPYARDS, INC., JORGE GONZÁLEZ, CARL "JOE" GAYMAN, RUBEN BARRERA AND BUSTER HARRIS, AND FOR WILLIAM E. KENNON, Plaintiffs and file this their Original Petition, pursuant to and among other things, the Uniform Declaratory Judgments Act, Chapter 37 of the Civil Practice and Remedies Code of Texas, complaining of St. Paul Mercury Insurance Company, Defendant and petitions this court for a construction of a general liability insurance policy and a declaration that the Defendant has a duty to defend and indemnify the Plaintiffs as named insureds and to provide coverage for the loss referenced below. In support of this petition, Plaintiffs would further show this Court as follows:

I.

### DISCOVERY CONTROL PLAN

Plaintiffs intend that discovery be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## II.

## PARTIES AND VENUE

Plaintiffs are a Texas corporation doing business in Cameron County, Texas and individuals in Cameron County, Texas, respectively.

Defendant, St. Paul Mercury Insurance Company is a corporation duly organized, doing business in Texas and under the laws of Texas, and was authorized to issue general liability insurance policies, and having agents and doing business in Cameron County, Texas. The cause of action made the basis of this lawsuit accrued and arises out of an insurance policy issued in Cameron County, Texas and the loss giving rise to coverage arose in Cameron County, Texas. Defendant, St. Paul Mercury Insurance Company may be served with citation by serving its registered agent, Bill Richey at 2301 East Lamar Blvd., Suite 400 in Arlington, Texas 76006. Service of citation is requested via certified mail, return receipt requested as provided by the Rules of Civil Procedure.

## III.

## GENERAL LIABILITY INSURANCE POLICY

On or about April 28, 1998, the Defendant issued to Plaintiffs a general liability insurance policy No. 342ZT5561 (hereinafter "the policy"), which is attached as Exhibit "A", and incorporated herein by reference, the same as if fully copied and set forth at length. Among other things, the policy requires the Defendant to defend and indemnify the Plaintiffs against any loss and suits brought by third parties against the insureds, which the insureds may become legally obligated to pay, as damages for bodily injuries.

IV.

## RESULTING LOSS AND CLAIMS UNDER THE POLICY

On or about May 11, 1998, Ernesto Garcia Lopez was found unconscious at the shipyard of Border Shipyards, Inc. in Brownsville, Texas. Subsequently, a lawsuit was filed by the decedent's wife, minor children and parents (hereinafter "the loss"). Named as defendants were plaintiffs in a lawsuit styled, *Petra Lopez, et al v. Border Shipyards, Inc., et al* in Cause No. 98-3040-A pending in the 197th Judicial District Court of Cameron County, Texas (hereinafter "the 197th action"). Requests for affirmative relief are presently pending in the 197th Judicial District Court of Cameron County, Texas as a result of the loss. A copy of the most recent Amended Petition filed in that suit is attached as Exhibit "B", and incorporated herein by reference, the same as if fully copied and set forth at length. The Amended Petition alleges claims for negligence and gross negligence against the Plaintiffs for the alleged wrongful death and survival action of Ernesto Garcia Lopez. Currently, the case against the plaintiffs has been nonsuited, without prejudice, to refiling of same.

V.

## DEMAND TO DEFEND AND INDEMNIFY AND COVERAGE BASIS

Plaintiffs have demanded that Defendant provide a defense and indemnify them in the above-referenced personal injury suit and loss, which has and will be asserted, under the terms of the policy. Specifically, coverage is afforded to the shareholders of Border Shipyards, Inc., individually and also to officers and directors thereof, while acting within the scope of their duties, as such. Plaintiffs would further show this Court that all officers, directors and stockholders, acted within the scope of their duties, as such, for which

insurance is afforded under the policy. Furthermore, additional coverage is afforded under the policy for contractual liability coverage for any oral or written contracts or agreements relating to the conduct of Border Shipyards, Inc.'s, its officers', directors' and stockholders' thereof, business. Consequently, coverage is also afforded for such "incidental contracts" as well. Plaintiffs reserve the right to raise any other coverage issues under the policy, as well.

## VI.

### REFUSAL TO DEFEND AND INDEMNIFY

Plaintiffs have demanded that Defendant provide a defense and indemnify them in the above-referenced personal injury suit and loss, under the terms of the policy. Defendant has declined to do so on the ground that coverage is not afforded under the policy for claims of employees of Border Shipyards, Inc. and have intimated they will proceed to deny coverage for defense and indemnity to the shareholders, individually, alleging they were not "within the scope of their duties as such", notwithstanding their previous offer extended to provide a qualified defense for them. Therefore, Defendant's position is that there is no duty on it to defend and indemnify the Plaintiffs. The cost of defending the personal injury action referenced above and loss by the plaintiffs is in a sum in excess of the minimum jurisdictional limits of this Court.

## VII.

### DECLARATORY RELIEF

Plaintiffs request that the Court declare that Defendant has a duty to defend and indemnify the Plaintiffs in the personal injury case referenced above and for the loss brought or to be brought against the Plaintiffs by, including but not limited to, Petra Lopez,

Individually and as Representative of the Estate of Ernesto Lopez, Deceased, and as Next Friend of Perla Ivon Lopez and Ernesto Lopez, Minors, and Francisco Lopez and Maria Del Carmen Lopez, and for and on Behalf of All Persons Entitled to Recover for His Death under the Texas Wrongful Death Act and Texas Survival Act, and any other losses occasioned during the policy period of April 28, 1998 until April 28, 1999 (hereinafter "the policy period"), respectively. Plaintiffs further request that this Court declare that coverage is afforded and that Defendant defend and indemnify them as to any officers, directors and stockholders thereof and that they were at all times, acting within the scope of their duties, as such, for the loss and any other loss occasioned during the policy period. Furthermore, Plaintiffs request that the court declare that coverage, defense and indemnity be afforded to the Plaintiffs for any "incidental contracts" as that term is defined under the policy, for any claims arising out of the loss or any other loss during the policy period as contractual liability coverage claims for "incidental contracts" and that such "incidental contracts" be declared relating to the conduct of the Plaintiffs' business.

## VIII.

### BAD FAITH

Plaintiffs further bring a claim against the Defendant for breach of its duty to act in good faith and deal fairly with the Plaintiffs, i.e., bad faith, for refusing to defend and indemnify the Plaintiffs and for Defendant's egregious conduct.

## IX.

## INSURANCE CODE VIOLATIONS

Plaintiffs would further show this court that the Defendant has engaged in violations of the Insurance Code and as such, statutory penalties are provided, for which Plaintiffs seek recovery, as well.

## X.

## BREACH OF CONTRACT

Plaintiffs would further show that a valid and existing contract exists with the Defendant and Plaintiffs, which the Defendant has breached and for which the Plaintiffs seek recovery for.

## XI.

## MALICIOUS CONDUCT

Defendant's conduct in failing to cover, defend and indemnify the Plaintiffs is malicious, in that, when viewed objectively from the standpoint of the Defendant, at the time of its acts or omissions, the conduct involved and involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and for which Defendant had and has actual, subjective awareness of the risk placed and places the plaintiffs in, but nevertheless proceeded and is proceeding, with conscious indifference to the rights, safety and welfare of the plaintiffs, of which it owes its utmost good faith to. By reason of the foregoing malicious conduct and resulting injuries and damages, Plaintiffs are seeking exemplary damages, as well.

## XII.

## ATTORNEY'S FEES

Plaintiffs have retained attorney, Dennis Sanchez from the law firm of SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P. to represent the Plaintiffs in this action and have agreed to pay this firm reasonable and necessary attorney's fees. An award of reasonable and necessary attorney's fees to the Plaintiffs would be equitable and just and also authorized by Section 37.009 of the Civil Practice and Remedies Code and for breach of contract by the Defendant. Plaintiffs seek their attorney's fees, as well.

## XIII.

## JURY REQUEST

Plaintiffs respectfully request that this cause be tried before a jury. Concurrently with the filing of their Original Petition, Plaintiffs tender payment of Thirty and No/100 Dollars ($30.00) to the District Clerk of Cameron County, Texas for the jury fee and request a jury of their peers.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, BORDER SHIPYARDS, INC., JORGE GONZÁLEZ, CARL "JOE" GAYMAN, RUBEN BARRERA AND BUSTER HARRIS, AND FOR WILLIAM E. KENNON, request that the Defendant be cited to appear and answer, and that on final trial of the merits, that Plaintiffs have the following:

1. A declaration that Defendant is under a duty to cover, defend and indemnify the Plaintiffs for the lawsuit referenced above and loss, as named insureds under the policy and for "incidental contracts" as that term is defined under the policy for Contractual Liability Coverage for the loss;

2. Judgment against the Defendant for a sum to be determined by the trier of facts;

3. Statutory penalties as provided under the Texas Insurance Code;

4. Attorney's fees;

5. Costs of suit; and

6. For such other and further relief to which the Plaintiffs may show themselves justly entitled to.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.

BY: *[signature]*
Dennis M. Sanchez
Texas Bar #17569600
Cameron Co. ID# 2204
100 N. Expressway 83
Brownsville, Texas 78521-2284
Tel: (956) 546-3731
Fax: (956) 546-3765
Attorney for Plaintiffs,
BORDER SHIPYARDS, INC.,
JORGE GONZÁLEZ, CARL "JOE" GAYMAN,
RUBEN BARRERA AND BUSTER HARRIS,
AND FOR WILLIAM E. KENNON

CAUSE NO. 99-01-00035-E

| | | |
|---|---|---|
| BORDER SHIPYARDS, INC., JORGE GONZALEZ, CARL "JOE" GAYMAN, RUBEN BARRERA AND BUSTER HARRIS, AND FOR WILLIAM E. KENNON | § § § § § § | IN THE DISTRICT COURT OF |
| | § | CAMERON COUNTY, TEXAS |
| VS. | § § | |
| ST. PAUL MERCURY INSURANCE COMPANY | § § | 357TH JUDICIAL DISTRICT COURT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THE COURT:

NOW COMES, St. Paul Mercury Insurance Company, Defendant in the above styled and number cause of action, and files this its Original Answer to Plaintiffs, Border Shipyards, Inc., Jorge Gonzalez, Carl "Joe" Gayman, Ruben Barrera and Buster Harris, and for William E. Kennon, Original Petition, and for cause of action would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Subject to any motions previously filed by Defendant herein, and further, subject to any stipulations and admissions hereinafter made, a general denial is hereby asserted by Defendant as authorized by Rule 92 of the TEXAS RULES OF COURT, and Defendant does hereby deny each and every, all and singular, the material allegations contained in Plaintiffs' Original Petition, and Defendant respectfully requests that Plaintiffs be required to prove the charges and allegations against Defendant by a preponderance of the evidence as required by the constitution, statutes, rules and laws of the State of Texas.

Defendants reserve the right to amend this answer.

WHEREFORE, PREMISES CONSIDERED, the foregoing General Denial is respectfully submitted to the Court by Defendant St. Paul Mercury Insurance Company and said Defendant asks that Plaintiffs take nothing, that Defendant be allowed to recover costs which it has incurred by reason of the charges of the Plaintiffs against Defendant, and that the Court grant Defendant such other and further relief from these charges that the Court finds Defendant is justly entitled to.

Respectfully submitted,

HUGHES, RATHWELL & NIZIALEK, L.L.P.

BY: _____
Philip D. Nizialek
State Bar No. 15045250
Schacht V. McCollum, II
State Bar No. 00794260
4900 Woodway, Suite 1050
Houston, Texas 77056
Telephone: (713) 626-9656
Telecopier: (713) 626-9650

ATTORNEYS FOR DEFENDANT
ST. PAUL MERCURY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to all parties listed below via certified mail, return receipt requested, on this the 29th day of January, 1999.

Mr. Dennis M. Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 N. Expressway 83
Brownsville, Texas 78521-2284

_____
Philip D. Nizialek

```
RUN DATE 01/29/99                                                              PAGE: 01
RUN TIME 9:26 AM

                                                                       99-01-00035-E

BORDER SHIPYARDS, INC. ET AL        (06)                          01   06   99

          VS                    BREACH OF CONTRACT

ST. PAUL MERCURY INSURANCE                                                    30.00


          * * *  C L E R K ' S   E N T R I E S  * * *


00002204                                              SANCHEZ,
HON. DENNIS SANCHEZ                               WHITTINGTON & JANIS
100 NORTH EXPRESSWAY 83
BROWNSVILLE, TX    78521  2284

                                  01/06/99 ORIGINAL PETITION FILED
                                  01/06/99 CITATION (CM): ST. PAUL MERCURY
                                           INSURANCE COMPANY
                                  01/06/99    SERVED: 01/11/99    FILED: 01/15/99
                                  01/06/99 JURY FEE: Pd. by HON. DENNIS SANCHEZ
```

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.007.01

No. 99-01-00035-E

**COPY**

T H E   S T A T E   O F   T E X A S

   NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: ST. PAUL MERCURY INSURANCE COMPANY
    SERVING ITS REGISTERED AGENT
    BILL RICHEY
    2301 EAST LAMAR BLVD.
    SUITE 400
    ARLINGTON, TEXAS 76006
the          DEFENDANT          , GREETING:

   You are commanded to appear by filing a written answer to the
PLANTIFFS ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 357th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said       PETITION       was filed on JANUARY 06, 1999. A copy of same accompanies this citation.

The file number of said suit being No. 99-01-00035-E.

The style of the case is:

             BORDER SHIPYARDS, INC. ET AL
                        VS.
             ST. PAUL MERCURY INSURANCE

Said petition was filed in said court by        HON. DENNIS SANCHEZ
(Attorney for          PLAINTIFF          ), whose address is
100 NORTH EXPRESSWAY 83 BROWNSVILLE, TX  78521-2284                   .

   The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

   The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

   Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 6th day of JANUARY, A.D. 1999.

                                AURORA DE LA GARZA         , DISTRICT CLERK
                                Cameron County, Texas
                                974 E. Harrison St.
                                Brownsville, Texas 78521



                                By: _____, Deputy
                                       L. Cornen

2.　　On January 6, 1999, the Plaintiffs filed their Original Petition in this matter in the 357th Judicial District Court of Cameron County, Texas (the "Petition"). On that same day, counsel for Plaintiffs sent to counsel for Defendant St. Paul Mercury Insurance Company a courtesy copy of the Petition via certified mail, return receipt requested, which courtesy copy was received by counsel for Defendant St. Paul Mercury Insurance Company on January 8, 1999.

3.　　Service was effected on Defendant St. Paul Mercury Insurance Company through its registered agent for service of process on January 11, 1999. Accordingly, thirty (30) days have not expired since the date Defendant St. Paul Mercury Insurance Company received notice of the suit to be removed, or the date of service of process on the Defendant.

4.　　In their Original Petition, the Plaintiffs all aver that they are citizens of the state of Texas.

5.　　Sole Defendant St. Paul Mercury Insurance Company is a citizen of the state of Minnesota, since it is incorporated in the state of Minnesota and maintains its principal place of business there. Accordingly, pursuant to 28 U.S.C. § 1332, there is complete diversity of citizenship amongst the Plaintiffs and the sole Defendant.

6.　　The Petition is a suit concerning coverage under marine general liability policy issued by the Defendant to Plaintiff Border Shipyards, Inc. The coverage dispute arises out of claims asserted in a lawsuit styled *Petra Lopez, et al. v. Border Shipyards, Inc., et al.* in Cause No. 98-3040-A pending in the 197th Judicial District Court of Cameron County, Texas (the "*Lopez* suit"). The *Lopez* suit seeks in excess of $10 million in damages from the Plaintiffs in this case, allegedly as a result of the wrongful death of one Ernesto Lopez. The Petition seeks both defense and indemnity for the allegations in the *Lopez* suit, and, accordingly, the amount in controversy in this matter exceeds $75,000.

7. Based on the above, the controversy between the Plaintiffs and the Defendant in this matter is within the subject matter jurisdiction of the United States District Court for the Southern District of Texas, Brownsville Division.

8. Pursuant to Local Rule 3k of the Southern District of Texas, the Defendants attach to this Notice of Removal all copies of process, pleadings, and orders in the underlying action, which includes copies of the Plaintiffs' Original Petition, Defendant's Original Answer, Docket Sheet, and Citation.

WHEREFORE, Defendant prays that this Honorable Court enter such further orders and grants such further relief as may be necessary to secure removal of this matter and to prevent further proceedings in the District Court of Cameron County, Texas, and for such other and further relief as the Defendant is justly entitled to receive.

Respectfully submitted,

HUGHES, RATHWELL & NIZIALEK, L.L.P.

BY: _____
Philip D. Nizialek
State Bar No. 15045250
4900 Woodway, Ste. 1050
Houston, Texas 77056
Telephone: (713) 626-9656
Telecopier: (713) 626-9650

ATTORNEY-IN-CHARGE FOR DEFENDANT
ST. PAUL MERCURY INSURANCE COMPANY

OF COUNSEL:

HUGHES, RATHWELL & NIZIALEK, L.L.P.
Schacht V. McCollum, II
State Bar No. 00794260
4900 Woodway, Ste. 1050
Houston, Texas  77056
Telephone: (713) 626-9656
Telecopier: (713) 626-9650

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded to parties listed below via certified mail, return receipt requested on this the 29th day of January, 1999.

Mr. Dennis M. Sanchez
Sanchez, Whittington, Janis & Zabarte, L.L.P.
100 N. Expressway 83
Brownsville, Texas 78521-2284

_____
Philip D. Nizialek

\WPDOCS\109\008\notice of removal