4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER SHIPYARDS, INC. | § | |
| JORGE GONZALEZ, CARL "JOE" | § | |
| GAYMAN, RUBEN BARRERA AND | § | |
| BUSTER HARRIS, AND FOR WILLIAM | § | |
| E. KENON | § | |
| | § | CIVIL ACTION NO. B-99-019 |
| VS. | § | |
| | § | |
| ST. PAUL MERCURY INSURANCE | § | |
| COMPANY | § | |

United States District Court
Southern District of Texas
FILED

MAY 19 1999

Michael N. Milby
Clerk of Court

## JOINT CASE MANAGEMENT PLAN

1.  **Parties and Their Counsel:**

    A.  *Plaintiffs*:
        BORDER SHIPYARDS, INC., JORGE GONZALEZ, CARL "JOE" GAYMAN, RUBEN BARRERA, BUSTER HARRIS AND WILLIAM E. KENON, JR.

        *Counsel*:
        Dennis Sanchez
        SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
        100 North Expressway 83
        Brownsville, Texas 78521-2284
        (956) 546-3731 - Telephone
        (956) 546-3765 - Fax

    B.  *Defendant:*
        ST. PAUL MERCURY INSURANCE COMPANY

        *Counsel:*
        Philip D. Nizialek
        HUGHES, RATHWELL & NIZIALEK, L.L.P.
        1450 Lake Robbins Drive, Suite 300
        The Woodlands, Texas 77380
        Telephone: (281) 296-8900
        Telecopier: (281) 296-6970

## Rule 26(a)(1)(A)

### Designation of Potential Fact Witnesses

The Plaintiffs believe that the following persons may constitute potential fact witnesses:

1. Jorge Gonzalez

2. Carl "Joe" Gayman

3. Ruben Barrera

4. Buster Harris

5. William E. Kenon.

6. Ellen ("Perk") English
   1120 South Commerce
   Harlingen, Texas 78550

7. Petra Lopez, Individually and as Representative
   of the Estate of Ernesto Lopez

The Defendant believes that the following persons may constitute potential fact witnesses:

1. All persons named by Plaintiffs above.

2. Ms. Rhonda E. Leake
   St. Paul Fire & Marine Insurance Company
   2925 Briarpark Drive, Suite 300
   Houston, Texas 77042-3726

## Rule 26(a)(1)(B)

1. The parties agree that the issue in dispute concerns the construction of an insurance policy issued by Defendant under policy no. 342ZT5561, and all endorsements thereto.

2. The parties are in agreement to exchange any other documents that may become relevant during the discovery portion of this case.

## Rule 26(a)(1)(C)

Plaintiffs contend that the present case has been necessitated because of an unwillingness by Defendant to acknowledge coverage and to unequivocally defend and agree to indemnify Plaintiffs from an incident which occurred on or about May 11, 1998 wherein Ernesto Garcia Lopez, an employee of Border Shipyards, Inc., was found unconscious at the shipyard belonging to Border Shipyards, Inc. in Brownsville, Texas. Mr. Lopez subsequently died, and his widow brought suit in the 197th Judicial District Court of Cameron County, Texas in Cause No. 98-3040-A, titled *Petra Lopez, et al. vs. Border Shipyards, Inc., et al.* Plaintiffs state that they have demanded that Defendant provide a defense and indemnify them in the above-referenced personal injury lawsuit. Defendant has declined to do so on the ground that coverage is not afforded under the policy of insurance. Plaintiffs bring this case seeking a declaration of the rights and responsibilities relevant to these matters. Additionally, to the extent allowable, seek damages against the Defendant under various theories.

Defendant contends that the Policy's employee exclusion unambiguously precludes any obligation St. Paul might otherwise have to defend and indemnify Border Shipyards, Inc. under the Policy, and the Policy's contractual liability provisions and definition of "incidental contract" do not any way change the preclusive effect of the employee exclusion. St. Paul further contends that the individual Plaintiffs are not insureds under the Policy, and that if they are insureds, thje preclusive effect of the employee exclusion applies to them as well. Finally, St. Paul contends that it has provided a defense pursuant to a proper reservation of rights to the individual Defendants, and no extra contractual damages of any kind should be awarded the Plaintiffs in this case.

By: *Philip Nizialek* by DMS with permission
Philip D. Nizialek
State Bar No. 15045250

**HUGHES, RATHWELL & NIZIALEK, L.L.P.**
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380
Telephone: (281) 296-8900
Telecopier: (281) 296-6970

**ATTORNEYS FOR DEFENDANT**
**ST. PAUL MERCURY INSURANCE COMPANY**

## Rule 26(a)(1)(D)

The insurance agreement at issue has been provided to all parties.

## Rule 26(a)(2)

Neither party has named an expert witness, and the parties agree that they should be able to name expert witnesses pursuant to the Scheduling Order.

The parties would request that the Scheduling Order provide as follows:

1. Trial -- estimated time of trial: 2 days

2. New parties must be joined by September 1, 1999.

3. The Plaintiffs' experts will be named with a report furnished by January 15, 2000.

4. The Defendant's experts must be named with a report furnished within thirty (30) days of the depositions of the Plaintiffs' experts.

5. Discovery must be completed by June 1, 2000.

6. All dispositive motions must be filed by August 1, 2000.

Respectfully submitted,

By: _____
Dennis Sanchez
State Bar No. 17569600

SANCHEZ, WHITTINGTON, JANIS
& ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3766 - Telecopier

ATTORNEYS FOR PLAINTIFFS
BORDER SHIPYARDS, INC., JORGE
GONZALEZ, CARL "JOE" GAYMAN,
RUBEN BARRERA, BUSTER HARRIS
and WILLIAM E. KENON