) 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 5 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BORDER SHIPYARDS, INC. ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-99-019 |
| | § | |
| ST. PAUL MERCURY INS. CO., | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on March 15, 2001, the Court considered St. Paul Mercury Insurance Company's Motion for Leave to File Second Amended Answer and Counterclaim, and Third Party Complaint [Dkt. No. 10] and Plaintiff Border Shipyards, Inc.'s Unopposed Motion to Extend Deadlines to Designated Experts and Provide Expert Reports [Dkt. No. 13].

## I.   Introduction

This is an insurance coverage case. The Plaintiffs are Border Shipyards, Inc. ("Shipyards") and several of its shareholders. Defendant St. Paul Mercury Insurance Company ("St. Paul") issued a Maritime General Liability policy, No. 342ZT5561 ("the Policy") to Shipyards. While the Policy was in effect, Mr. Ernesto Garcia Lopez, an employee of Shipyards, was electrocuted while making repairs on the vessel *La Negrita* and died as a result.

The first underlying suit: Mrs. Lopez and others brought suit against Shipyards in the 197th Judicial District of Cameron County, Texas (No. 98-3040-A). Later, they amended their state court petition, adding Shipyards' shareholders as defendants. Coverage was sought by these defendants from St. Paul, which was denied with respect to Shipyards but was provided with reservation to the shareholders.

The instant coverage suit: Shipyards and the shareholders commenced a lawsuit against St. Paul in January 1999 in the 357th Judicial District Court of Cameron County, Texas (No. 99-01-00035-E). St. Paul removed this case to this Court.

Dismissal of the 197th state court action and subsequent new suit in 103rd state court: In mid-1999, Mrs. Lopez and the other plaintiffs dismissed their underlying lawsuit without prejudice. Later on February 16, 2000, Mrs. Lopez with the other plaintiffs filed a new suit in the 103rd Judicial District Court of Cameron County, Texas. This suit names Shipyards, its shareholders and Rick Rivera, individually and d/b/a/ *La Negrita*. Their petition alleges the existence of "oral and written contracts" between Shipyards and Mr. Rivera which purportedly provided that Shipyards' insurer would indemnify Mr. Rivera for certain accidents, including the one that took Mr. Lopez' life.

Mr. Rivera answered in the 103rd state court lawsuit, and asserted a cross-claim against Shipyards based on an "implied agreement" between him and Shipyards pursuant to which he is entitled to defense and indemnification by Shipyards' insurer, i.e. St. Paul.

The instant motion: Based on the new allegations in the 103rd state court lawsuit that St. Paul is liable to defend and indemnify Rick Rivera individually and d/b/a *La Negrita*, St. Paul now seeks leave to file a Second Amended Answer and Counterclaim, and leave to file a Third Party Complaint against Rick Rivera d/b/a *La Negrita*.

## II.     St. Paul's Motion for Leave to File Second Amended Answer and Counterclaim is GRANTED

A pleader may by leave of court set up a counterclaim by amendment when justice so requires. Fed. R. Civ. P. 13(f). Leave to amend may be granted with permission from the court, which shall be given when justice so requires. Fed. R. Civ. P. 15(a). In the instant matter, by amending its answer and adding a counterclaim for declaratory relief, St. Paul wishes to address the recent developments in the underlying 103rd state court personal injury lawsuit, i.e., the new allegations that there was an implied, oral, or written contract between Shipyards and Mr. Rivera that Shipyards'

2

insurer, St. Paul, is obligated to defend and indemnify Mr. Rivera.  While this motion is labeled "opposed," no formal objection has been filed.  Therefore, in the interest of justice, the Court **GRANTS** St. Paul's Motion for Leave to file its Second Amended Answer and Counterclaim [Dkt. No. 10].

### III.    St. Paul's Motion for Leave to file a Third-Party Complaint is GRANTED

Motions for leave to file third-party complaints are governed by Fed. R. Civ. P. 14(a).  District courts are accorded wide discretion in determining whether to permit such third-party procedure.  See Anderson v. Production Management Corp., 1999 WL 605486, *1 (E.D. La), citing McDonald v. Union Carbide Corp., 734 F.2d 182, 183 (5th Cir.1984).  In exercising this wide discretion, courts have considered a number of factors effectuating the purposes of Rule 14, i.e., avoiding circuity of action and eliminating duplication of suits on closely related matters; whether other parties will be prejudiced; the unreasonableness of delay by the party asserting the third-party complaint; and lack of substance to the third-party claim.  See Anderson, 1999 WL 605486 at *1, citing 6 C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE and PROCEDURE § 1443, at 300-11 (West 1990).

In this matter, Mr. Rivera cross-claimed against Mrs. Lopez and the other plaintiffs in the 103rd state court personal injury lawsuit.  There, he alleged that he had an "implied agreement" with Shipyards such that he would be covered under Shipyards' insurance policy with an unnamed insurer.  St. Paul wishes to implead Mr. Rivera into this federal court coverage action so that its obligations may be declared not only as to Shipyards and its shareholders, but as to Mr. Rivera as well.

Allowing St. Paul to file its third-party complaint against Mr. Rivera will avoid circuity of action, in that St. Paul's obligations will be determined as to all parties seeking coverage under the Policy.  Shipyards will not be prejudiced because St. Paul asserts the same defenses and affirmative relief from Mr. Rivera as it does from Shipyards.  In addition, Mr. Rivera will not be prejudiced because his attorney has agreed to accept service of the third-party complaint for his client [Dkt. No. 15].

3

Furthermore, St. Paul did not delay in bringing its motion for leave to file its third-party complaint, as it sought to file its third-party complaint less than one month after Mr. Rivera made his coverage allegations. Finally, St. Paul's claims against Mr. Rivera are not frivolous, as they are directly related to the issue of coverage in this case.

Therefore, in its discretion the Court **GRANTS** St. Paul's Motion for Leave to File its Third-Party Complaint [Dkt. No. 10].

## IV.    Conclusion

In sum, the Court:

1)    **GRANTS** St. Paul's Motion for Leave to file its Second Amended Answer and Counterclaim [Dkt. No. 10];

2)    **GRANTS** St. Paul's Motion for Leave to File its Third-Party Complaint [Dkt. No. 10]; and

3)    declares as **MOOT** Border Shipyards, Inc.'s Unopposed Motion to Extend Deadline to Designate Experts and Provide Expert Reports [Dkt. No. 13], as Border Shipyards, Inc. has filed its Designation of Experts and Production of Expert Reports by the date they requested for an extension [Dkt. No. 14].

DONE at Brownsville, Texas, this ____15____ day of March 2001.

Hilda G. Tagle
United States District Judge

4