21

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

BORDER SHIPYARDS, INC. §
JORGE GONZALEZ, §
CARL "JOE" GAYMAN, §
RUBEN BARRERA and §
BUSTER HARRIS, and §
FOR WILLIAM E. KENON §
§
VS. §
§
§
ST. PAUL MERCURY §
INSURANCE COMPANY §

United States District Court
Southern District of Texas
FILED

APR 1 7 2001

Michael N. Milby
Clerk of Court

CIVIL ACTION NO. B-99-019
(JURY REQUESTED)

## RICARDO RIVERA'S ANSWER TO ST. PAUL MERCURY INSURANCE COMPANY'S THIRD-PARTY COMPLAINT AND COUNTERCLAIM

**Ricardo Rivera** (**Rivera**), Third-Party Defendant herein, for his answer to Third-Party Plaintiff **St. Paul Mercury Insurance Company**'s (**St. Paul**) third-party complaint would show unto the Court as follows:

### AFFIRMATIVE DEFENSE
#### 1.

Third-Party Defendant **Rivera** objects to the jurisdiction of the Court over the subject matter and parties to this controversy because complete diversity of citizenship of the parties is lacking, for which reason the Court should remand this case to State Court. Prior to with the filing of this pleading, **Rivera** has filed his motion to remand for consideration by the Court.

### ANSWER

Subject to his motion to remand filed herein, Third-Party Defendant **Rivera** makes the following answer to the specific allegations and paragraphs of **St. Paul**'s third-party complaint:

1.    **Rivera** admits Paragraphs 1, 2, 4, 6, 7, 9, 10, 11 and 12 of **St. Paul**'s third-party complaint.

2.    **Rivera** admits Paragraph 3 of **St. Paul**'s third-party complaint, except **Rivera** maintains he is an additional insured under **St. Paul**'s policy as well as a third-party beneficiary.

3.    **Rivera** admits Paragraph 8 of **St. Paul**'s third-party complaint, except that he is informed and believes that Mr. Lopez's tragic accident and electrocution occurred while he was welding the stuffing box of the propeller shaft of the F/V *Negrita*.

4.    **Rivera** admits Paragraph 13 of **St. Paul**'s third-party complaint, but after filing his Original Answer and Cross-Claim to the Original Petition of Border Shipyards, Inc. on September 26, 2000, he filed his First Amended Cross-Claim against Border Shipyards, Inc. on January 4, 2001, a true copy of which pleading marked Exhibit "A" is attached hereto and the allegations thereof are incorporated herein by reference as if fully set forth at length.

5.    **Rivera** denies Paragraphs 14 and 15 of **St. Paul**'s third-party complaint to the extent that it does not accurately reflect the allegations and content of his current cross-claim against Border Shipyards, Inc. referred to in Paragraph 4 above and identified as Exhibit "A" attached hereto.

6.    **Rivera** denies Paragraphs 16, 17, 18, 19, 20, 21, 22, 23 and 24 of **St. Paul**'s Third-Party Complaint.

WHEREFORE, premises considered, Third-Party Defendant **Rivera** requests that the Court remand this civil action to the 357th District Court of Cameron County, Texas (from which this case was first removed to this Court); alternatively, in the event that this case is not remanded, that Third-Party Defendant **Rivera** have judgment against St. Paul Mercury Insurance Company declaring that **St. Paul** has a duty to defend **Rivera** in the Lopez lawsuit under its policy of insurance, and further that said Third-Party Defendant is entitled to

coverage under **St. Paul**'s policy in the event that he is adjudged to any extent liable for claims asserted by the widow and minor children of Mr. Lopez in Cause No. 2000-02-758-D pending in the 103rd Judicial District Court of Cameron County, Texas; for his costs and attorneys fees in defending this lawsuit and the Lopez lawsuit, and for such other and further relief to which he may be justly entitled.

## RICARDO RIVERA's COUNTERCLAIM

Subject to his motion to remand previously filed herein, **Ricardo Rivera, (Rivera)**, as Counter-Plaintiff, complains of St. Paul Mercury Insurance Company (**St. Paul**), as Counter-Defendant, and would respectfully show the Court as follows:

### 1.

The parties are currently before the Court, unless the Court remands this case to State Court as requested by **Rivera**, jurisdiction and venue are appropriate in that **Rivera**'s counterclaim arises out of the same instruments and controversy made the subject of **St. Paul**'s third-party complaint. All parties are represented by counsel and service upon **St. Paul** will be effected by certified mail to its counsel.

### 2.

**Rivera**'s counterclaim is for declaratory judgment on a contract of insurance issued to Border Shipyards, Inc. and identified as Exhibit B-1 in **St. Paul**'s third-party complaint against **Rivera**. This counterclaim is brought under 28 USC §2201 for the purpose of determining the issues in controversy between the parties as is more fully described below.

### Factual Background
### 3.

On and before May 11, 1998 **Rivera** entered into a contract with Border Shipyards, Inc. for the purpose of repairing his F/V *Negrita*, which contract

included the obligation of Border Shipyards, Inc. to provide liability insurance coverage insuring **Rivera** for any accident, personal injury or death occurring to any person employed by Border Shipyards, Inc. while working on **Rivera**'s vessel and for which **Rivera** agreed to pay and did pay insurance premium for such coverage, all as reflected by Border Shipyards, Inc. invoice dated May 21, 1998 marked Exhibit "B-4" which is attached hereto and incorporated herein by reference as if fully set forth in length.

**4.**

**St. Paul** provided marine general insurance to Border Shipyards, Inc. as the named insured under Policy 342ZT5468, including all forms and endorsements thereto, for one year effective as of April 28, 1998 (the Policy), a copy of which policy is attached to **St. Paul**'s Third-Party Complaint as Exhibit B-1 and is incorporated herein for all purposes. In accordance with its agreement with **Rivera**, Border Shipyards, Inc. insured **Rivera** under the aforesaid St. Paul policy marked Exhibit B-1 and as evidenced by Border Shipyards' invoice identified as Exhibit B-4.

**5.**

On May 11, 1998, Ernesto Lopez, while in the course and scope of his employment as ship repairman and welder for Border Shipyards, Inc. was electrocuted and suffered fatal injuries while repairing the F/V *Negrita*, which death was duly reported to **St. Paul**, and said notice was acknowledged by **St. Paul**, as it has judicially admitted.

**6.**

After earlier filings, amendments and nonsuits, on February 16, 2000 Petra Lopez, individually and as Representative of the Estate of Ernesto Lopez, deceased, and as next friend of her two minor children, Perla Ivon Lopez and Ernesto Lopez, filed a lawsuit against Border Shipyards, Inc. and its shareholders and against **Ricardo Rivera**, also known as Rick Rivera and d/b/a

*La Negrita*, in the 103rd Judicial District Court of Cameron County, Texas, same being assigned Cause No. 2000-02-758-D, a copy of which lawsuit is identified as Exhibit B-2 in **St. Paul**'s third-party complaint.

## Request for Declaratory Judgment

**Rivera** maintains that he is insured under the St. Paul policy issued to Border Shipyards, Inc., and that therefore **St. Paul** has a **duty to defend Rivera**, which **St. Paul** has failed to do and for which declaratory judgment should be entered in favor of **Rivera** against **St. Paul** enforcing such duty to defend and adjudging **St. Paul** liable to **Rivera** for his attorney fees and other costs of defense in defending against the claims of Petra Lopez, et. al. and in defending himself against the third-party claim asserted by **St. Paul** and in enforcing his rights against **St. Paul**.

### 7.

Additionally, in the event that **Rivera** is adjudged liable to any extent for the claims asserted by Petra Lopez in Cause No. 2000-02-758-D pending in the 103rd Judicial District Court of Cameron County, Texas for the personal injuries and death of Ernesto Lopez on May 11, 1998, **Rivera** is entitled to be indemnified by St. Paul pursuant to the terms and conditions of its insurance coverage afforded to him as alleged hereinabove.

WHEREFORE, premises considered, Counter-Plaintiff **Ricardo Rivera** requests the Court for declaratory judgment against **St. Paul** declaring that **St. Paul** has a duty to defend **Rivera** against the claims asserted against him by Petra Lopez in Cause No. 2000-02-758-D in the 103rd Judicial District Court of Cameron County, Texas; that in the event **Rivera** is in anywise adjudged liable to Petra Lopez in the aforesaid state court litigation, that **St. Paul** be declared liable to indemnify **Rivera** for any sums which **Rivera** is adjudged liable to said Petra Lopez; for attorney fees and expenses incurred by **Rivera** in

defending against the claims of Petra Lopez and defending himself against the third-party claim asserted by **St. Paul**; and for such other and further relief to which he may be justly entitled.

Respectfully submitted,

Jack G. Carinhas, Jr.
Fed. I.D. 1179
S.B. No. 03795000
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone:  956/542-9161
Telefax:     956/542-3651

ATTORNEY FOR THIRD-PARTY DEFENDANT AND COUNTER-PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading was served upon Mr. Philip D. Nizialek of Rathwell & Nizialek, P.C., Town Center One, 1450 Lake Robbins Drive, Suite 300, The Woodlands, Texas 77380, by Certified Mail-Return Receipt Requested, and Mr. Dennis Sanchez of the Law Firm of Sanchez, Whittington, Janis & Zabarte, L.L.P., 100 N. Expressway 83, Brownsville, Texas 78520, by First Class letter, postage prepaid and properly addressed on this _/ 7 ⁷⁴_ day of April, 2001.

Jack G. Carinhas, Jr.

FILED 8:40 O'CLOCK ___M
AURORA DE LA GARZA DIST. CLERK

JAN 0 4 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORNE  DEPUTY

### CAUSE NO. 2000-02-758-D

| | | |
|---|---|---|
| PETRA LOPEZ, INDIVIDUALLY | § | IN THE DISTRICT COURT OF |
| AND AS REPRESENTATIVE THE | § | |
| ESTATE OF ERNESTO LOPEZ, | § | |
| DECEASED, AND AS NEXT | § | |
| FRIEND OF PERLA IVON LOPEZ | § | |
| AND ERNESTO LOPEZ, MINORS | § | |
| | § | |
| VS. | § | CAMERON COUNTY, TEXAS |
| | § | |
| BORDER SHIPYARDS, INC. | § | |
| JORGE GONZALEZ, WILLIAM | § | |
| KENON, RUBEN BARRERA, AND | § | |
| CARL GAYMAN, RICK RIVERA, | § | |
| INDIVIDUALLY, AND DBA | § | |
| LA NEGRITA | § | 103RD JUDICIAL DISTRICT |

## RICARDO RIVERA'S FIRST AMENDED CROSS-CLAIM
## AGAINST BORDER SHIPYARDS, INC.

TO THE HONORABLE JUDGE OF SAID COURT:

**Ricardo Rivera**, Defendant herein, for his first amended cross-claim against **Border Shipyards, Inc.**, Cross-Defendant, which has appeared and answered herein, would show unto this Honorable Court the following:

1.

1.01 At all material times Cross-Defendant **Border Shipyards, Inc.** operated a shipyard engaged in hauling out vessels and performing inspections, maintenance repairs, welding and other work upon them.

1.02 Prior to May 11, 1998 Cross-Plaintiff **Ricardo Rivera** entered into a contract with and engaged Cross-Defendant **Border Shipyards, Inc.** for the purpose of hauling out, leasing premises and/or rental of property for the space used by his F/V *Negrita* and for the performance of maintenance, repairs, welding work

RICARDO RIVERA'S FIRST AMENDED CROSS-CLAIM
AGAINST BORDER SHIPYARDS, INC.                                    Page - 1

Exhibit
"A"

COPY

and other services. Such contract provided and/or included the agreement, benefit and representation that any claim for injury or death of employees, workers, agents, invitees, and/or sub-contractors of Cross-Defendant performing work on board the F/V *Negrita* would be insured, defended and paid for by said Cross-Defendant and/or its insurance carrier, and that Cross-Plaintiff would be held harmless and indemnified by said Cross-Defendant from any liability for claims asserted against Cross-Plaintiff and for losses and damages suffered by Cross-Plaintiff, as a result of any such claims for death or personal injury, including attorney fees incurred by Cross-Plaintiff in defending against such claims.

1.03   As shown by the invoice of Cross-Defendant attached hereto marked Exhibit "A" and incorporated herein by reference, Cross-Plaintiff was charged $158.13 for the aforesaid insurance coverage, and Cross-Plaintiff is informed and believes that said insurance coverage was in full force and effect at the time the personal injury and death of **Ernesto Lopez** occurred on or about May 11, 1998; while he was welding inside the hull of the F/V *Negrita* in the course and scope of his employment as a welder with Cross-Defendant **Border Shipyards, Inc.**

1.04   Notwithstanding Cross-Plaintiff's payment of Cross-Defendant's above described invoice including its charge for marine insurance liability coverage, Cross-Defendant and it's insurance carrier, St. Paul Mercury Insurance Company, have refused to defend Cross-Plaintiff and otherwise have denied liability to Cross-Plaintiff for the claims brought by Plaintiff **Petra Lopez** in the lawsuit arising out of the personal injury and death of **Ernesto Lopez**, as well as Cross-Plaintiff's own claims for attorney fees and costs incurred in defending against the claims asserted by Plaintiff **Petra Lopez.**

2.

### Cause of Action for Defense and Indemnity

2.01   At all material times including May 11, 1998, Cross-Defendant **Border**

**Shipyards, Inc.** procured special marine liability and/or comprehensive general liability indemnity insurance through St. Paul Mercury Insurance Company for the benefit and protection of its customers including Cross-Plaintiff providing insurance coverage for claims of bodily injury and death arising out of accidents occurring on the premises of Cross-Defendant and/or in the conduct of Cross-Defendant's operations.

2.02  Accordingly by virtue of the aforesaid insurance coverage, Cross-Plaintiff is entitled to be defended, held harmless and indemnified by Cross-Defendant and its insurance carrier for any claim, judgment or liability against or incurred by Cross-Plaintiff arising out of this lawsuit and any judgment entered or other disposition thereof for the bodily injury and death of **Ernesto Lopez** on or about May 11, 1998, including attorney fees and costs incurred by Cross-Plaintiff in defending against such claims and in prosecuting this cross-claim against Cross-Defendant to obtain the relief and remedies which he was promised.

### 3.
### Breach of Contract

The refusal and omission of Cross-Defendant and its insurance carrier to defend, hold harmless and indemnify Cross-Plaintiff against the claims arising out of the personal injury and death of **Ernesto Lopez** on or about May 11, 1998 constitutes a breach of the contract and representations made by Cross-Defendant **Border Shipyards, Inc.** with Cross-Plaintiff and entitles Cross-Plaintiff to the damages set forth in Paragraph 4 below.

### 4.
### Damages

4.01  In the event that liability is established by judgment, settlement or other disposition against Cross-Plaintiff for the claims asserted by Plaintiff **Petra Lopez** for the personal injury and death of **Ernesto Lopez** in this lawsuit, Cross-Plaintiff is

entitled to recover judgment against **Border Shipyards, Inc.** for the amount of any such judgment or settlement in favor of Plaintiff including the benefits to which Cross-Plaintiff is entitled by virtue of the special marine liability or comprehensive general liability insurance coverage provided by St. Paul Mercury Insurance Company, for any loss, liability or expenses incurred by Cross-Plaintiff as a consequence.

4.02   Further, Cross-Plaintiff is entitled to recover from Cross-Defendant reasonable attorney fees and expenses in defending this lawsuit and in prosecuting this cross-claim.

4.03   Further, as a result of the occurrence of the accident to **Ernesto Lopez** Cross-Plaintiff has suffered property damage to his vessel F/V *Negrita* and loss of earnings.

4.04   The aforesaid damages suffered by Cross-Plaintiff exceed the minimum jurisdictional limits of the Court.

## 7.
## Prayer

WHEREFORE, premises considered, Defendant **Ricardo Rivera**, as Cross-Plaintiff, prays for judgment against Cross-Defendant **Border Shipyards, Inc.**, as follows:

1)   For the amount of any judgment entered or recovery made against him in favor of Plaintiffs in the main cause;

2)   Reasonable attorney fees in defending against the claims asserted against him by Plaintiff **Petra Lopez** in prosecuting this cross-claim;

3)   For compensatory damages;

4)   Prejudgment and postjudgment interest as provided by law;

5)   Costs of suit; and

6)      Such other and further relief to which Defendant/Cross-Plaintiff may be justly entitled.

> Respectfully submitted,
>
> _signature_
>
> Jack G. Carinhas, Jr.
> S.B. No. 03795000
> 302 Kings Highway, Suite 109
> Brownsville, Texas 78521
> Telephone:  956/542-9161
> Telefax:      956/542-3651
>
> ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading was served upon Mr. James H. Hunter of Royston, Rayzor, Vickery & Williams, L.L.P., P. O. Box 3509, Brownsville, Texas 78523-3509, Mr. Michael Moore of Guerra & Moore, L.L.P., 4201 N. McColl Road, McAllen, Texas 78504, and Mr. Norton A. Colvin, Jr. of Rodriguez, Colvin & Chaney, L.L.P., 1201 E. Van Buren Street, Brownsville, Texas 78522, by First Class Letter, postage prepaid and properly addressed on this _3rd_ day of January, 2001.

> _signature_
>
> Jack G. Carinhas, Jr.

# BORDER SHIPYARDS, INC.

Star Route Box 5
Brownsville, Texas 78521
Phone: (512) 831-3400 - 831-4083

VESSEL: NEGRITA
OWNER: RICK RIVERA

INV. #
DATE:          5/21/1998
PHONE:     943-5101
FEET:              72

| ITEM | DESCRIPTION | |
|---|---|---|
| 1 | HAUL-OUT. | 240.00 |
| 2 | SCRAPE & WASH BOTTOM & SIDES. / SCAFOULING. | 72.00 |
| 3 | RENEW ZINCS. | 72.00 |
| 4 | RENEW PACKING. | 100.00 |
| 5 | SWEEP-BLAST BOTTOM. | .00 |
| 6 | PAINT BOTTOM. | 15.00 |
| 7 | SPOT-BLAST SIDES. | .00 |
| 8 | PAINT SIDES. NAME AND HOMEPORT. | .00 |
| 9 | REMOVE & REINSTALLED RUDDER. | 240.00 |
| 10 | REMOVE & REINSTALLED PROPELLER. | .00 |
| 11 | REMOVE & REINSTALLED PROPELLER. COUPLING & SHAFT. | 640.00 |
| 12 | RENEW CUTLASS BEARING. | 240.00 |
| 13 | WELDING ON BOTTOM. | .00 |
| 14 | CLEAN BILG. TO CUT OLD STUFFING BOX. REMOVE TWO STEEL | .00 |
| | PLATES IN FREEZER ROOM.  FIT AND INSTALLED NEW STUFFING | .00 |
| | BOX.  REINSTALLED OLD PLATES AND ADDED ADDITIONAL STEEL | .00 |
| | PLATES TO OVER LAP OLD PLATES. | 1,680.00 |
| | | .00 |
| | | .00 |
| | | .00 |
| | | .00 |
| | TOTAL LABOR COST::::::::::::: | 3,299.00 |

| QTY | MATERIAL LIST | | |
|---|---|---|---|
| .25 | 214 PAINT | 6.00 | HAUL-OUT FEE'S——— 126.00 |
| 0 | ZINC-PRIMER | .00 | |
| 0 | THINNER | .00 | OUTSIDE SERVICES——— .00 |
| 4 | NAVELON PACKING | 10.00 | |
| 0 | TEFLON PACKING | .00 | TOTAL LABOR——— 3,299.00 |
| 0 | MASKING TAPE | .00 | |
| 0 | PAINT ROLLERS | .00 | TOTAL MATERIAL LIST——— 89.00 |
| 1 | PAINT BRUSHES | 3.00 | |
| 0 | 1/4" PLATE | .00 | MARINE INSURANCE——— 158.13 |
| 0 | 1/2X4X6 ZINCS | .00 | |
| 4 | BRONZE WELD ROD | 20.00 | SALES TAX——— EXEMPT |
| 0 | 3/8" PLATE 2 | 50.00 | TOTAL AMOUNT DUE:::::::::: $3,672.13 |
| | | 89.00 | |

3188 53

Exhibit
"A"

# BORDER SHIPYARDS, INC.

Star Route Box 5
Brownsville, Texas 78521
Phone: (512) 831-3400 - 831-4083

```
VESSEL: NEGRITA                        INV. #
OWNER: RICK RIVERA                     DATE:        5/21/1998
                                       PHONE:       943-5101
                                       FEET:            72
```

| ITEM | DESCRIPTION | |
|---|---|---|
| 1 | HAUL-OUT. | 240.00 |
| 2 | SCRAPE & WASH BOTTOM & SIDES. / SCAFOULING. | 72.00 |
| 3 | RENEW ZINCS. | 72.00 |
| 4 | RENEW PACKING. | 100.00 |
| 5 | SWEEP-BLAST BOTTOM. | .00 |
| 6 | PAINT BOTTOM. | 15.00 |
| 7 | SPOT-BLAST SIDES. | .00 |
| 8 | PAINT SIDES. NAME AND HOMEPORT. | .00 |
| 9 | REMOVE & REINSTALLED RUDDER. | 240.00 |
| 10 | REMOVE & REINSTALLED PROPELLER. | .00 |
| 11 | REMOVE & REINSTALLED PROPELLER. COUPLING & SHAFT. | 640.00 |
| 12 | RENEW CUTLASS BEARING. | 240.00 |
| 13 | WELDING ON BOTTOM. | .00 |
| 14 | CLEAN BILG. TO CUT OLD STUFFING BOX. REMOVE TWO STEEL | .00 |
| | PLATES IN FREEZER ROOM. FIT AND INSTALLED NEW STUFFING | .00 |
| | BOX. REINSTALLED OLD PLATES AND ADDED ADDITIONAL STEEL | .00 |
| | PLATES TO OVER LAP OLD PLATES. | 1,680.00 |
| | | .00 |
| | | .00 |
| | | .00 |
| | | .00 |
| | | .00 |
| | TOTAL LABOR COST:::::::::::::::: | 3,299.00 |

| QTY | MATERIAL LIST | | | | |
|---|---|---|---|---|---|
| .25 | 214 PAINT | 6.00 | HAUL-OUT FEE'S-------------- | 126.00 |
| 0 | ZINC-PRIMER | .00 | | |
| 0 | THINNER | .00 | OUTSIDE SERVICES------------ | .00 |
| 4 | NAVELON PACKING | 10.00 | | |
| 0 | TEFLON PACKING | .00 | TOTAL LABOR--------- | 3,299.00 |
| 0 | MASKING TAPE | .00 | | |
| 0 | PAINT ROLLERS | .00 | TOTAL MATERIAL LIST-------- | 89.00 |
| 1 | PAINT BRUSHES | 3.00 | | |
| 0 | 1/4" PLATE | .00 | MARINE INSURANCE----------- | 158.13 |
| 0 | 1/2X4X6 ZINCS | .00 | | |
| 4 | BRONZE WELD ROD | 20.00 | SALES TAX------------------ | EXEMPT |
| 0 | 3/8" PLATE 2 | 50.00 | | |
| | | | TOTAL AMOUNT DUE::::::::::: | *5,672.13 |
| | | 89.00 | | |

3188 53

Exhibit

"B-4"