29

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BORDER SHIPYARDS, INC. § | |
| JORGE GONZALEZ, CARL "JOE" § | |
| GAYMAN, RUBEN BARRERA AND § | |
| BUSTER HARRIS, AND FOR WILLIAM § | |
| E. KENON § | |
| § | CIVIL ACTION NO. B-99-019 |
| VS. § | |
| § | |
| ST. PAUL MERCURY INSURANCE § | |
| COMPANY § | |
| § | |
| VS. § | |
| § | |
| RICARDO RIVERA § | |

**PLAINTIFFS' RESPONSE TO ST. PAUL'S**
**SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF, BORDER SHIPYARDS, INC., et al. ("Border"), file this their Response in Opposition to St. Paul Mercury Insurance Company's ("St. Paul") Supplemental Motion for Summary Judgment and would respectfully show the Court as follows:

1. Immutable Facts

In St. Paul's Supplemental Brief, it refers to certain immutable facts. However, it fails to list the following immutable facts:

    a) St. Paul Mercury Insurance Company was the author of the CGL policy which it issued and sold to Border Shipyards, Inc.

b) The St. Paul policy provides coverage for bodily injury to any employee of Border if liability is assumed by Border under an incidental contract. (See, St. Paul policy, Section II [2][J].)

c) The definition of incidental contract is extended to "include any oral or written contract or agreement relating to the contract of the named insured's business." (See, St. Paul policy, Section III, page 1.)

d) Border Shipyards, Inc. had a policy of charging its customer a fee for the cost of the insurance policy premium.

e) Border Shipyards, Inc. had a policy of providing insurance coverage to its customers **and** a policy of agreeing to indemnify and hold the customer harmless from any negligence caused by Border, its employees, its agents, or by the customer's own negligence while the vessel was at Border's shipyard.

f) These agreements made by Border with its customers were oral.

g) There is no evidence to the contrary that these agreements did not exist, or that these agreements were somehow constrained by other considerations.

2. Because the insurance policy, by its own terms, allows incidental contracts to be either oral or written, and because the policy was authored by St. Paul, the unambiguous wording of the policy must be strictly constructed against St. Paul. Sekel v. Aetna Life Ins. Co., 704 F.2d 1335, 1338 (5th Cir. 1983).

Border respectfully suggests to the Court that St. Paul is attempting to place restrictions on the agreements which Border had with its customers because St. Paul failed to require that any such agreements be in writing.

3. <u>Duty to Defend Versus Duty to Indemnify</u>

3.01. In determining whether an insurance company has a duty to defend, the Court cannot entertain whether the allegations are true or false, nor consider any of the factors which are contained outside the pleadings in the underlying lawsuit. <u>Pro-Tech Coatings, Inc. v. Union Standard Ins. Co.</u>, 897 S.W.2d 885, 887 (Tex. App. - Dallas, 1995). As long as Plaintiffs have potentially asserted a claim that lies within the coverage of the policy, the insurance carrier is under an obligation to defend. <u>Gulf States Ins. Co. v. Alamo Carriage Serv.</u>, 22 F.3d 88, 90 (5th Cir. 1994).

3.02. Border has alleged several reasons which would require St. Paul to provide a defense in the underlying state court action. The first was based on the allegations made directly by the Lopez plaintiffs against Border, and is centered on the fact that the incidental oral contract existing by and between Border and Rivera provided that Rivera would be held harmless from all liability arising as a result of the negligence of Border and its employees, or from Rivera's own act of negligence. This obligation of Border arises from the oral agreement made as an incidental contract between Border and Rivera. Second, there concurrently exists St. Paul's duty to provide a defense to Border based on the cross-claim made by Rivera against Border in the underlying state court lawsuit. Third, there exists a

duty arising under the incidental oral contract for St. Paul to provide a defense to Rivera. As stated in its previous response, Border believes that St. Paul has an unequivocal duty to defend based on the allegations which have been made in the underlying lawsuit and cross-claim. Whether the facts ultimately prove to be as alleged by Border or as St. Paul is irrelevant when considering the duty to defend.

WHEREFORE, premises considered, Border Shipyards, Inc. would respectfully request this Court to deny St. Paul's Motion for Summary Judgment; to allow the underlying lawsuit to proceed to trial, and to then make ruling based upon the ultimate findings of fact; and for such other and further relief to which Border and Rivera may be justly entitled.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
    & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
Telephone: (956) 546-3731
Telecopier: (956) 546-3765 or 3766

By: _____
Dennis Sanchez
State Bar No. 17569600
Federal Admission No. 1594
ATTORNEY-IN-CHARGE
FOR PLAINTIFFS
BORDER SHIPYARDS, INC., ET AL.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response has been served upon opposing counsel, Mr. Philip D. Nizialek, RATHWELL & NIZIALEK, P.C., Town Center One, 1450 Lake Robbins Drive, Suite 300, The Woodlands, TX 77380; and to Jack G. Carinhas, Jr., 302 Kings Highway, Suite 109, Brownsville, Texas 78521, by ☒ certified mail, return receipt requested, and/or by ☐ facsimile, and/or by ☐ hand delivery, on this 5 day of June, 2001.

_____
Dennis Sanchez