30

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 5 2001

Michael N. Milby
Clerk of Court

| | |
|---|---|
| BORDER SHIPYARDS, INC. | § |
| JORGE GONZALEZ, CARL "JOE" | § |
| GAYMAN, RUBEN BARRERA AND | § |
| BUSTER HARRIS, AND FOR WILLIAM | § |
| E. KENON | § |
| | § CIVIL ACTION NO. B-99-019 |
| VS. | § |
| | § |
| ST. PAUL MERCURY INSURANCE | § |
| COMPANY | § |

### BORDER SHIPYARD, INC.'S MOTION FOR LEAVE
### TO FILE ADDITIONAL SUMMARY JUDGMENT EVIDENCE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, BORDER SHIPYARD, INC., et al., Plaintiffs in the above-styled and numbered cause, and file this their Motion for Leave to File Additional Summary Judgment Evidence pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Movants would respectfully request this Court to allow the filing of the Affidavit of Ricardo Rivera, and in support thereof would respectfully show as follows:

    1.    Attached hereto as Exhibit A is the original Affidavit of Ricardo Rivera.

At the time of the filing of the Motion for Summary Judgment by St. Paul Insurance Company on April 2, 2000, and subsequent thereto, Ricardo Rivera was outside of Cameron County and working as a long haul truck driver across the United States. Upon his return to his home, he was contacted and asked to provide an affidavit regarding the matters raised in St. Paul's Motion for Summary Judgment.

2.   Movants believe that the Affidavit of Ricardo Rivera, the third party defendant in this present action, is necessary because St. Paul, in its Motion for Leave to File a Reply to Plaintiffs' Response to St. Paul's Motion for Summary Judgment, has criticized the Affidavit of Morgan Gross, the president and manager of Border Shipyards, Inc., by suggesting that the "agreement" between Border Shipyards, Inc. and Ricardo Rivera was not, in fact, true.

3.   The tendered Affidavit of Ricardo Rivera (Exhibit A) is self-explanatory and is relevant to this Court's consideration of the nature and extent of the oral agreement which existed by and between Border Shipyard, Inc. and Ricardo Rivera.

Movants believe that this Court's consideration of the Affidavit of Ricardo Rivera is essential and necessary in order to obtain a clear understanding of the oral agreement and is relevant.

Because of the unavailability of Mr. Rivera to provide an affidavit prior to May 11, 2001, Movants would respectfully request this Court to allow the filing of the affidavit as supplemental summary judgment evidenced filed on behalf of such movants.

Respectfully submitted,

SANCHEZ, WHITTINGTON, JANIS
    & ZABARTE, L.L.P.
100 North Expressway 83
Brownsville, Texas 78521-2284
(956) 546-3731 - Telephone
(956) 546-3765 or 3766 - Fax

By: _____
Dennis Sanchez
State Bar No. 17569600
Federal Bar No. 1594

ATTORNEYS FOR PLAINTIFF
BORDER SHIPYARDS, INC.

## CERTIFICATE OF CONFERENCE

  Pursuant to Local Rule 6(A)(4), no conference with opposing counsel is required for this motion filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Border Shipyard, Inc.'s counsel assumes counsel for St. Paul would oppose the motion for leave.

*/s/ Dennis Sanchez*
_____
Dennis Sanchez

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to the parties listed below via certified mail, return receipt requested, on this __5__ day of June, 2001.

Mr. Philip D. Nizialek
RATHWELL & NIZIALEK, P.C.
Town Center One
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380

Mr. Jack G. Carinhas, Jr.
302 Kings Highway, Suite 109
Brownsville, Texas 78521

*/s/ Dennis Sanchez*
_____
Dennis Sanchez

## CAUSE NO. 2000-02-758-D

| | | |
|---|---|---|
| **PETRA LOPEZ, INDIVIDUALLY** | § | **IN THE DISTRICT COURT OF** |
| **AND AS REPRESENTATIVE THE** | § | |
| **ESTATE OF ERNESTO LOPEZ,** | § | |
| **DECEASED, AND AS NEXT** | § | |
| **FRIEND OF PERLA IVON LOPEZ** | § | |
| **AND ERNESTO LOPEZ, MINORS** | § | |
| | § | |
| **VS.** | § | **CAMERON COUNTY, TEXAS** |
| | § | |
| **BORDER SHIPYARDS, INC.** | § | |
| **JORGE GONZALEZ, WILLIAM** | § | |
| **KENON, RUBEN BARRERA, AND** | § | |
| **CARL GAYMAN, RICK RIVERA,** | § | |
| **INDIVIDUALLY, AND DBA** | § | |
| **LA NEGRITA** | § | **103RD JUDICIAL DISTRICT** |

### AFFIDAVIT OF RICARDO RIVERA

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF CAMERON | § |

BEFORE ME, the undersigned Notary Public, on this day personally appeared, RICARDO RIVERA, personally known to me to be the person whose name is subscribed to this affidavit, and, who, on being by me first duly sworn upon his oath, stated as follows:

1) My name is **Ricardo Rivera**; I am a resident of Port Isabel, Cameron County, Texas. I have personal knowledge of the facts stated in this affidavit.

2) I am currently employed as a long-haul truck driver on trips destined to all parts of the United States, and I have been outside of Cameron County for the past six weeks and returned to my home this past week.



R.R.

3)  In April and May 1998 I was the sole owner of the steel-hulled shrimp trawler F/V *Negrita* whose home port was Port Isabel, Texas.

4)  I had owned and operated the F/V *Negrita* for several years before April 1998, during the course of which I had the vessel hauled out and repaired by Border Shipyards, Inc. on two or three prior occasions.

5)  On the previous occasions when the F/V *Negrita* was hauled-out and repaired by Border Shipyards, Inc., the usual agreement that I had reached with its general manager, Francisco "Pancho" Abrego included the agreement of Border Shipyards to insure me and my vessel against liability for personal injuries or deaths occurring to anyone working on my vessel as well as for any property damage to my vessel while it was on Border's premises, for which insurance I was charged a premium as part of my invoice. It was represented to me that Border Shipyards, Inc. had marine liability insurance coverage and that I was protected under that policy regardless of what happened on my vessel or whether I had any fault or whether Border Shipyards had any fault.

6)  In April 1998 it was my agreement with Border Shipyard that I, as owner and, my vessel would be covered by the marine insurance policy which Border Shipyards had obtained. By paying the insurance charge I was being covered by the insurance policy issued to Border Shipyards.

7)  Attached hereto as Exhibit "A", is a copy of the Border Shipyard's invoice dated 5/21/98 which covers the work which was performed by Border Shipyards on the F/V *Negrita*. The invoice includes a charge of $158.13 for "marine insurance". I was presented the invoice and I paid it as I had paid similar invoices of Border Shipyards on prior occasions.

8)  As part of my agreement with Border Shipyards and because I was being covered by the insurance policy, Border Shipyards would protect me from all accidents which might occur on the F/V *Negrita* while it was in the custody and control of Border Shipyards. Under

*RR*

this agreement, Border Shipyards would protect me against all acts of fault, including the fault of Border Shipyard and even my own fault or the fault of my vessel. This agreement naturally resulted from the understanding by Border Shipyards and myself that the insurance policy would cover both parties.

9) All of the agreements and understandings between Border Shipyards and myself as described in Paragraphs 5, 6, 7 and 8 above were made orally and were made before May 11, 1998. These agreements were the same agreements which had been made with me on the prior occasions which Border Shipyards had worked on my vessel.

10) Subsequent to May 11, 1998, I learned that Mr. Ernesto Lopez had died while working on my F/V *Negrita*. I contacted Border Shipyards and spoke with Morgan Gross, who confirmed that I was covered and protected by its marine insurance policy and by Border Shipyards for any and all liability arising from that unfortunate accident.

Further, Affiant sayeth not.

_____
RICARDO RIVERA

SWORN TO AND SUBSCRIBED BEFORE ME by the said RICARDO RIVERA, on this the 11th day of May, 2001, to certify which witness my hand seal of office.

_____
NOTARY PUBLIC

## SANCHEZ, WHITTINGTON, JANIS & ZABARTE, L.L.P.
### ATTORNEYS AT LAW
### 100 NORTH EXPRESSWAY 83
### BROWNSVILLE, TEXAS 78521-2284

JACK D. SANCHEZ (1945-1987)

DENNIS M. SANCHEZ, P.C.
ROBERT A. WHITTINGTON, P.C.
BRIAN G. JANIS, P.C.
FRANCISCO J. ZABARTE, P.C.

TEL. (956) 546-3731
FAX (956) 546-3765

June 5, 2001

Mr. Juan M. "Butch" Barbosa                                                Via Hand Delivery
Deputy-In-Charge
U. S. District Clerk
600 East Harrison
Brownsville, TX 78520

   Re: Civil Action No. B-99-019
      Border Shipyards, Inc. et al. vs. St. Paul Mercury Insurance Company

Dear Mr. Barbosa:

Enclosed for filing are the original and two copies of the following pleadings:
1. Plaintiffs' Response to St. Paul's Supplemental Motion for Summary Judgment; and
2. Plaintiff's Motion for Leave to File Additional Summary Judgment and proposed Order Granting Motion for Leave to File. Please file-stamp and return one copy with our courier.

By copy of this letter, all counsel of record are being served with a copy of said pleadings.

Thank you for your customary courtesy and assistance.

               Very truly yours,

               Dennis Sanchez

DS/cl
Enclosure
xc: Mr. Philip D. Nizialek
   RATHWELL & NIZIALEK, P.C.
   Town Center One
   1450 Lake Robbins Drive, Suite 300
   The Woodlands, TX 77380

   Mr. Jack G. Carinhas, Jr.
   302 Kings Hwy. Suite 109
   Brownsville, Texas 78521

# BORDER SHIPYARDS, INC.

Star Route Box 5
Brownsville, Texas 78521
Phone: (512) 831-3400 - 831-4083

```
VESSEL: NEGRITA                                      INV. #
OWNER:  RICK RIVERA                                  DATE:        5/21/1998
                                                     PHONE:       943-5101
                                                     FEET:               72
================================================================================
ITEM :         DESCRIPTION                                  :
================================================================================
  1  : HAUL-OUT.                                            :         240.00
  2  : SCRAPE & WASH BOTTOM & SIDES. / SCAFOULING.          :          72.00
  3  : RENEW ZINCS.                                         :          72.00
  4  : RENEW PACKING.                                       :         100.00
  5  : SWEEP-BLAST BOTTOM.                                  :            .00
  6  : PAINT BOTTOM.                                        :          15.00
  7  : SPOT-BLAST SIDES.                                    :            .00
  8  : PAINT SIDES. NAME AND HOMEPORT.                      :            .00
  9  : REMOVE & REINSTALLED RUDDER.                         :         240.00
 10  : REMOVE & REINSTALLED PROPELLER.                      :            .00
 11  : REMOVE & REINSTALLED PROPELLER. COUPLING & SHAFT.    :         640.00
 12  : RENEW CUTLASS BEARING.                               :         240.00
 13  : WELDING ON BOTTOM.                                   :            .00
 14  : CLEAN BILG. TO CUT OLD STUFFING BOX. REMOVE TWO STEEL:            .00
     : PLATES IN FREEZER ROOM.  FIT AND INSTALLED NEW STUFFING:          .00
     : BOX.  REINSTALLED OLD PLATES AND ADDED ADDITIONAL STEEL:          .00
     : PLATES TO OVER LAP OLD PLATES.                       :       1,680.00
     :                                                      :            .00
     :                                                      :            .00
     :                                                      :            .00
     :                                                      :            .00
     :                                                      :            .00
     :                   TOTAL LABOR COST:::::::::::::::    :       3,299.00
================================================================================
QTY  :  MATERIAL LIST                :
--------------------------------------         ---------------------------------
 .25 : 214 PAINT             6.00    : HAUL-OUT FEE'S---------------     126.00
  0  : ZINC-PRIMER            .00    :
  0  : THINNER                .00    : OUTSIDE SERVICES--------------        .00
  4  : NAVELON PACKING      10.00    :
  0  : TEFLON PACKING         .00    : TOTAL LABOR-------------------   3,299.00
  0  : MASKING TAPE           .00    :
  0  : PAINT ROLLERS          .00    : TOTAL MATERIAL LIST-----------      89.00
  1  : PAINT BRUSHES         3.00    :
  0  : 1/4" PLATE             .00    : MARINE INSURANCE--------------     158.13
  0  : 1/2X4X6 ZINCS          .00    :
  4  : BRONZE WELD ROD      20.00    : SALES TAX---------------------     EXEMPT
  0  : 3/8" PLATE 2         50.00    :                                ===========
     :                               : TOTAL AMOUNT DUE:::::::::::      $3,672.13
     :                      89.00    :
```

3488.53

**Exhibit "A"**

R-R