IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 14 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| BORDER SHIPYARDS, INC., *et. al.* | § § | |
| vs. | § § | |
| ST. PAUL MERCURY INSURANCE CO. | § | CIVIL ACTION NO. B-99-019 |
| vs. | § § § | |
| RICARDO RIVERA | § | |

### RICARDO RIVERA's OBJECTION TO ST. PAUL's MOTION FOR LEAVE TO FILE A REPLY TO RIVERA's RESPONSE IN OPPOSITION TO ST. PAUL's MOTION FOR SUMMARY JUDGMENT

**TO THE HONORABLE DISTRICT COURT JUDGE:**

Third Party Defendant Ricardo Rivera (Rivera) objects to St. Paul Mercury Insurance Company's motion for leave to file a late reply to Rivera's opposition to St. Paul's motion for summary judgment on the following grounds:

(1) St. Paul seeks to file its proposed reply more than 36 days after Rivera's response filed July 2, 2001 and long after the twenty day submission date specified in Local Rule 7.3 of the United States District Court for the Southern District of Texas (adopted May 1, 2000), which provides: "Opposed motions will be submitted to the judge twenty days from filing without notice to the clerk and without appearance of counsel."

2) While Local Rule LR 7.8, consistent with Federal Rule 6(b)(2), permits the District Court in its discretion on application to extend a time period after expiration of the specified period, Federal Rule 6(b)(2) requires that the movant show that his

failure to act was the result of **excusable neglect**. Under that Rule excusable neglect requires both the demonstration of good faith by the party seeking enlargement and a reasonable basis for not complying with the specified period (<u>Re Four Seasons Secur. Laws Litigation</u>, 493 F2d 288, 18 FR Serv. 2d 526 (10th Cir. 1974); <u>Cornelius v. LaCroix</u>, 631 F Supp 610 (ED Wis. 1986). <u>Allstate Ins. Co. v. Administratia Asigurarilor De Stat</u>, 163 FRD 196 (SD NY 1995). The burden is on the movant under Rule 6(b)(2) to establish that his failure to act was the result of excusable neglect. (<u>Yonofsky v. Wernick</u>, 362 F Supp 1005, 17 FR Serv 2d 1022 (SD NY 1973).

In this case St. Paul and its counsel have offered no excuse for their delay in applying for an extension of time, and the presumptuous attachment of its proposed reply to its motion for leave is an improper tactic designed to influence the Court. Clearly, St. Paul has not met its burden of demonstrating excusable neglect as required by Rule 6(b)(2).

### Conclusion

For the reasons stated, the Court should deny St. Paul's motion for leave to file its late reply since the submission date for St. Paul's motion for summary judgment under Local Rule 7.3 has long past and since St. Paul has made no showing of excusable neglect as required by Federal Rule 6(b)(2).

Mr. Rivera requests the Court to end St. Paul's "paper war" by denying its two pending motions for summary judgment and remanding this case to State Court where the Lopez litigation is being vigorously prosecuted and where disposition of the merits of the claims of Border Shipyards and Mr. Rivera against St. Paul is most critical. In this case the State Court is the proper forum to resolve the issues in this insurance coverage controversy in which there exist genuine issues of material fact in dispute which preclude summary judgment as a matter of law.

Respectfully submitted,

*[signature]*

Jack G. Carinhas, Jr.
Fed. I.D. 1179 / S.B. 03795000
302 Kings Highway, Suite 109
Brownsville, Texas 78521
Telephone: 956/542-9161
Telefax:   956/542-3651

ATTORNEY-IN-CHARGE
FOR THIRD PARTY DEFENDANT,
RICARDO RIVERA

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing pleading has been served upon Hon. Philip D. Nizialek, Rathwell & Nizialek, P.C., Town Center One, 1450 Lake Robbins Drive, Suite 300, The Woodlands, Texas 77380, and upon the Hon. Dennis Sanchez, Sanchez, Whittington, Janis & Zabarte, L.L.P., 100 North Expressway 83, Brownsville, Texas 78521-3731, by First Class letter, postage prepaid and properly addressed on this 14th day of August, 2001.

*[signature]*

Jack G. Carinhas, Jr.