IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BORDER SHIPYARDS, INC. ET AL., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. B-99-19 |
| ST. PAUL MERCURY INS. CO., | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on November _26_, 2001, the Court Considered Plaintiffs' and Third Party Defendant's Joint Motion to Remand [Dkt. No. 20] and Defendant's Response [Dkt. No. 22]. For the reasons that follow, the Court **DENIES** the Plaintiffs' and Third Party Defendant's Joint Motion to Remand [Dkt. No. 20].

Plaintiffs first claim that diversity has been destroyed because Third Party Defendant, Ricardo Rivera, has been brought in to the suit and is a citizen of Texas as is Plaintiff. In support of this contention, Plaintiffs cite 28 U.S.C. § 1447(e) which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." [Dkt. No. 19 at p. 2]. Plaintiffs, however, misapply this statute as 1447(e) limits the conduct of *Plaintiffs*, not Defendants who have here joined Third Party Defendant Rivera. The applicable statute, therefore, is 28 U.S.C. § 1367 which governs supplemental jurisdiction. Under this statute, defendants have some leeway to bring in other parties, even where diversity would otherwise be destroyed, who may be responsible to the plaintiff under theories such as indemnity or contribution. See David D. Siegal Practice Commentary (to 28 U.S.C. § 1367) at pp. 832-33 (West 1993).

Plaintiffs' second argument is that Defendant had no basis for original removal under the "direct action" clause of 28 U.S.C. § 1332(c).[1] This statute, however, does not apply to a coverage lawsuit between an insurer and an insured. The "direct action" diversity rule is reserved for those cases in which an injured party is allowed to sue the tort-feasor's liability insurer without first obtaining judgment against the tort-feasor himself. See, e.g., Barton v. Allstate Ins. Co., 729 F.Supp. 56 (W.D. Tex. 1990).

Having considered Plaintiffs' and Third Party Defendant's Joint Motion to Remand [Dkt. No. 20] and Defendant's Response [Dkt. No. 22], the Court is of the opinion that the Joint Motion to Remand lacks merit. Accordingly, the Plaintiffs' and Third Party Defendant's Joint Motion to Remand [Dkt. No. 20] is **DENIED**.

DONE at Brownsville, Texas, this 26 day of November 2001.

Hilda G. Tagle
United States District Judge

---

[1] 28 U.S.C. § 1332(c)(1) states, in relevant part: "In any direct action against the insurer of a policy or contract of liability insurance . . . such insurer shall be deemed a citizen of the State of which the insured is a citizen . . . ."